IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| § | | |
| MONTCO OFFSHORE INC., *et al.*[1] § | | Case No. 17-31646 (MI) |
| § | | |
| Debtors. § | | (Jointly Administered) |
| § | | |
| DREW MCMANIGLE, AS LIQUIDATING § TRUSTEE OF THE LIQUIDATING § TRUST FOR MONTCO OILFIELD § CONTRACTORS, LLC, § | | |
| § | | Adversary Proceeding |
| Plaintiff, § | | |
| § | | |
| v. § | | Adv. No 19-_____ (MI) |
| § | | |
| WEATHERFORD U.S., L.P., § | | |
| § | | |
| Defendant. § | | |

## COMPLAINT

Drew McManigle, in his capacity as Liquidating Trustee of the Liquidating Trust for Montco Oilfield Contractors, LLC ("Plaintiff"), by his undersigned attorneys, files this complaint (the "Complaint") against Weatherford U.S., L.P. ("Defendant"), and in support thereof alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the Preference Period (as defined below) pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are Montco Offshore, Inc. (1448) and Montco Oilfield Contractors, LLC (9886). The mailing address for the Debtors, solely for the purposes of notices and communications, is 17751 Hwy 3235, Galliano, Louisiana 70354.

1

7130695v2

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors (as defined below) or that has been scheduled for Defendant pending the payment of the Avoidable Transfers (as defined below) to Plaintiff. Plaintiff does not waive and hereby reserves all of his rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This Court (as defined below) has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).

4. The statutory and legal predicates for the relief sought herein are sections 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a core proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2)(B) and (F) and the Court may enter final orders for matters contained herein.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409 because the Debtors chapter 11 cases are pending in this Court.

7. Pursuant to Bankruptcy Rule 7008 and Bankruptcy Local Rule 7008-1, Plaintiff consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7130695v2

## PROCEDURAL BACKGROUND

8. On March 17, 2017 (the "Petition Date"), Montco Offshore, Inc. and Montco Oilfield Contractors, LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

9. On January 18, 2018, the Court entered its *Findings of Fact, Conclusions of Law, and Order Approving the Disclosure Statement and Confirming the Amended Plan of Reorganization of Debtor Montco Offshore, Inc. and the Amended Plan of Liquidation of Debtor Montco Oilfield Contractors, LLC under Chapter 11 of the Bankruptcy Code* [Docket No. 784] (the "Confirmation Order"), which confirmed the *Amended Plan of Reorganization of Debtor Montco Offshore, Inc. and Amended Plan of Liquidation of Debtor Montco Oilfield Contractors, LLC under Chapter 11 of the Bankruptcy Code* [Docket No. 740] (the "Plan").

10. The Plan and Confirmation Order established the Liquidating Trust and appointed Plaintiff as Liquidating Trustee. Pursuant to the Confirmation Order and Articles IV.M and IV.O of the Plan, the Debtors contributed certain Causes of Action to the Liquidating Trust and Plaintiff was authorized to pursue such Causes of Action.

## THE PARTIES

11. Pursuant to the Plan, the Confirmation Order and the Liquidating Trust Agreement, Plaintiff is authorized and has standing among other things, to commence, prosecute, and compromise this cause of action.

12. Defendant may be served at through its registered agent, CT Corporation System, 1999 Bryan St., Dallas, TX 75201, or its counsel, Husch Blackwell, Attn: Timothy A. Million, 600 Travis Street, Suite 2350, Houston, TX 77002.

7130695v2

**FACTUAL BACKGROUND**

13. Upon information and belief, during the 90-day period prior to the Petition Date (December 17, 2016 to March 16, 2017) (the "Preference Period"), the Debtors made transfers (the "Avoidable Transfers") to Defendant on the dates, and in the amounts, listed on **Exhibit 1**, which is expressly incorporated by reference into the Complaint.

14. During the course of this proceeding, Plaintiff may learn of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548, and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**COUNT I – TO AVOID PREFERENTIAL TRANSFERS
PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE**

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16. Pursuant to section 547(b) of the Bankruptcy Code, Plaintiff may avoid any transfer of an interest of the Debtors in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor in possession before such transfer was made, (c) made while the debtor in possession was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor

7130695v2

to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made. 11 U.S.C. § 547(b).

17. During the Preference Period, the Debtors made the Avoidable Transfers to Defendant on the dates, and in the amounts, listed on **Exhibit 1**.

18. Each of the Avoidable Transfers was made from an account of the Debtors and constituted a transfer of an interest in property of the transferring Debtors.

19. The Avoidable Transfers were made to or for the benefit of Defendant, a creditor of the Debtors.

20. The Avoidable Transfers were for or on account of antecedent debts owed by the Debtors to Defendant before such transfers were made.

21. The Avoidable Transfers were made at a time when the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f). Each of the Avoidable Transfers was made during the Preference Period, as set forth in **Exhibit 1**.

22. The Avoidable Transfers enabled the Defendant to receive more in satisfaction of its claim against the Debtors than it would have received in a case under chapter 7 of the Bankruptcy Code had the payment not been made. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case, as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estate.

23. By reason of the foregoing, Plaintiff is entitled to an order and judgment under section 547 of the Bankruptcy Code avoiding the Avoidable Transfers.

## COUNT II – TO RECOVER AVOIDED TRANSFERS
## PURSUANT TO SECTION 550(a) OF THE BANKRUPTCY CODE

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

26. Plaintiff is entitled to recover the Avoidable Transfers from Defendant pursuant to section 550(a) of the Bankruptcy Code to the extent they are avoided pursuant to section 547 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

## COUNT III – DISALLOWANCE OF CLAIMS
## PURSUANT TO SECTIONS 502(d) and (j) OF THE BANKRUPTCY CODE

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28. Defendant is a transferee of transfers avoidable under section 547 the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

29. Defendant has not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

30. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs. 11 U.S.C. § 502(d).

31. Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendant, and/or its assignee, against the Debtors' Chapter 11 estates previously allowed against the Debtors, must be

reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers. 11 U.S.C. § 502(j).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant granting the following relief:

A. On Plaintiff's First and Second Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

7130695v2

Dated: May 31, 2019.

        Respectfully submitted,

        **Porter Hedges LLP**
        */s/ Joshua W. Wolfshohl*
        Joshua W. Wolfshohl
        State Bar No. 24038592
        M. Shane Johnson
        State Bar No. 24083263
        Porter Hedges LLP
        1000 Main Street, 36th Floor
        Houston, Texas 77002-2764
        Telephone: (713) 226-6000
        Facsimile: (713) 226-6295

        **COUNSEL FOR DREW MCMANIGLE, LIQUIDATING TRUSTEE FOR THE MONTCO OILFIELD CONTRACTORS, LLC LIQUIDATING TRUST**

## **EXHIBIT 1**

| Name | Invoice Nos. | Payment Date | Payment Amount |
|---|---|---|---|
| Weatherford U.S., L.P. | 013147376 and 13116676RI | 01/02/17 | $887,645.56 |
| | | Total | **$887,645.56** |

9

7130695v2